# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) ANDREW J. BONE, SR., et al, ) ) Defendants. ) | Civil Action No.: 4:16-CV-1806-VEH |

## MEMORANDUM OPINION

This case comes before the Court on the United States of America's "Unopposed Renewed Motion for Default Judgment Against Andrew J. Bone, Sr., Connie C. Bone, Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC." and the Unopposed Motion for Summary Judgment by the United States Against the Exchange Bank of Alabama, the State of Alabama, and the County of Etowah. (Doc. 28). On May 2, 2017, this Court wrote an extensive Order denying, without prejudice, the government's previous Motion for Default Judgment. (Doc. 26). The Court adopts and incorporates by reference that Order, and all of its findings and holdings, as amended herein.

**I.  THE MOTION FOR SUMMARY JUDGMENT**

As between the United States, the Exchange Bank of Alabama, the State of

Alabama, and the County of Etowah, the following is stipulated and agreed to:

1. The County of Etowah possesses a first priority interest in the amount of the delinquent *ad valorem* taxes on the Subject Property for tax year 2016.

2. The Exchange Bank of Alabama possesses a second priority interest in the amount of the unpaid balance, plus interest and fees accruing until the date of payment in full, plus reasonable costs and expenses incurred by The Exchange Bank of Alabama in enforcing or protecting its rights and remedies under the stated security agreements, including, but not limited to, reasonable attorneys' fees, court costs and other legal expenses on—

    a. a first mortgage recorded on October 1, 1999, in Book 1999 on Page 274 (Doc. No. M-1999-4083) of the public records of Etowah County; and

    b. a second mortgage recorded on May 18, 2000, in Book 2000 on Page 139 (Doc. No. M-2000-1616) of the public records of Etowah County.

3. The United States of America possesses a third priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2005 and 2009, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

4. The State of Alabama possesses a fourth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2009, plus interest that may accrue on that amount until the date of payment in full.

5. The United States of America possesses a fifth priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

6. The State of Alabama possesses a sixth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest that may accrue on that amount until the date of payment in full.

7. The United States of America possesses a seventh priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 and 2012, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

8. The State of Alabama possesses an eighth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 through 2013, plus interest that may accrue on that amount until the date of payment in full.

(Doc. 14). There being no genuine issue of material fact as to the priority between these parties, Summary Judgment will be **GRANTED**, at least as to these parties[1], in the form of an Order setting out the above. *See* FED. R. CIV. P. 56.

## II. THE MOTION FOR DEFAULT JUDGMENT

### A. <u>Andrew and Connie Bone</u>

In its previous Order, this Court held:

Upon due consideration, and based on the foregoing, the United States is entitled to a default judgment in its favor and against Andrew J. Bone, Sr. and Connie Bone, declaring that the federal income taxes assessed, including penalties and interest, against Mr. and Mrs. Bone for tax years

---

[1] Because this Court determines that a default judgment on this issue is also appropriate as to the non-responding Defendants, *see infra*, ultimately the Final Order in this case will declare these priorities as to all parties.

2005 and 2009 to 2012, are valid. However, as noted above, there is some discrepancy between the assessments and what is stated in the Complaint and the Underwood affidavit. Accordingly, at this time the Court will not grant a default judgment.

(Doc. 26 at 19). The Court also held:

Upon due consideration, and based on the foregoing, the United States is entitled to a default judgment in its favor, and against Andrew J. Bone, Sr. and Connie Bone, declaring that [tax] liens attached to the Subject Property and may be enforced against that property through a decree of foreclosure. Again, however, without an exact figure, the Court cannot grant the relief requested.

(Doc. 26 at 20).

Since this Court's last Order, the United States has served upon Andrew and Connie Bone Requests for Admissions, which ask them first to admit that they "are jointly liable to the United States in the amount of $404,255.56 as of November 4, 2016, for . . . unpaid income tax liabilities for tax years 2005 and 2009 to 2012, plus statutory additions and interest." (Doc. 28-6 at 2). In that same document, the United States also asked Mr. and Mrs. Bone to admit:

2. The County of Etowah possesses a first priority interest in the amount of the delinquent *ad valorem* taxes on the Subject Property for tax year 2016.

3. The Exchange Bank of Alabama possesses a second priority interest in the amount of the unpaid balance, plus interest and fees accruing until the date of payment in full, plus reasonable costs and expenses incurred by The Exchange Bank of Alabama in enforcing or protecting its rights and remedies under the stated security agreements,

4

including, but not limited to, reasonable attorneys' fees, court costs and other legal expenses on—

   a.   a first mortgage recorded on October 1, 1999, in Book 1999 on Page 274 (Doc. No. M-1999-4083) of the public records of Etowah County; and

   b.   a second mortgage recorded on May 18, 2000, in Book 2000 on Page 139 (Doc. No. M-2000-1616) of the public records of Etowah County.

4.   The United States of America possesses a third priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2005 and 2009, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

5.   The State of Alabama possesses a fourth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2009, plus interest that may accrue on that amount until the date of payment in full.

6.   The United States of America possesses a fifth priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

7.   The State of Alabama possesses a sixth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest that may accrue on that amount until the date of payment in full.

8.   The United States of America possesses a seventh priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 and 2012, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

> 9. The State of Alabama possesses an eighth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 through 2013, plus interest that may accrue on that amount until the date of payment in full.

(Doc. 28-6 at 3-5). Attorney Allison C. Carroll, who served the Requests for Admissions, states in her declaration that no response has been received from Mr. or Mrs. Bone. (Doc. 28-2 at 4). By operation of Rule 36(a)(3) of the Federal Rules of Civil Procedure, these facts are deemed to be admitted by Mr. and Mrs. Bone.

Upon due consideration, and based on the foregoing and this Court's previous Order, the United States is entitled to a default judgment in its favor and against Andrew J. Bone, Sr. and Connie Bone, jointly and severally, as to all Counts of the Complaint. Furthermore, the United States is entitled to a default judgment in its favor and against Andrew J. Bone, Sr. and Connie Bone that, pursuant to 26 U.S.C. § 6321, tax liens attached to the Subject Property and may be enforced against that property through a decree of foreclosure, and that the federal income taxes assessed, including penalties and interest, against Mr. and Mrs. Bone for tax years 2005 and 2009 to 2012, are valid, and that Mr. and Mrs. Bone are jointly and severally liable to the United States in the amount of $404,255.56 as of November 4, 2016, for unpaid income tax liabilities for tax years 2005 and 2009 to 2012, plus statutory additions and interest.

Finally, upon due consideration, and based on the foregoing and this Court's previous Order, the United States is entitled to a default judgment in its favor and against Andrew J. Bone, Sr. and Connie Bone, declaring that the

1. The County of Etowah possesses a first priority interest in the amount of the delinquent *ad valorem* taxes on the Subject Property for tax year 2016.

2. The Exchange Bank of Alabama possesses a second priority interest in the amount of the unpaid balance, plus interest and fees accruing until the date of payment in full, plus reasonable costs and expenses incurred by The Exchange Bank of Alabama in enforcing or protecting its rights and remedies under the stated security agreements, including, but not limited to, reasonable attorneys' fees, court costs and other legal expenses on—

    a. a first mortgage recorded on October 1, 1999, in Book 1999 on Page 274 (Doc. No. M-1999-4083) of the public records of Etowah County; and

    b. a second mortgage recorded on May 18, 2000, in Book 2000 on Page 139 (Doc. No. M-2000-1616) of the public records of Etowah County.

3. The United States of America possesses a third priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2005 and 2009, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

4. The State of Alabama possesses a fourth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2009, plus interest that may accrue on that amount until the date of payment in full.

5. The United States of America possesses a fifth priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

6. The State of Alabama possesses a sixth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest that may accrue on that amount until the date of payment in full.

7. The United States of America possesses a seventh priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 and 2012, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

8. The State of Alabama possesses an eighth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 through 2013, plus interest that may accrue on that amount until the date of payment in full.

By separate Order, the Court will enter these judgments.[2]

**B.** **Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC**

In its previous Order, this Court wrote:

The government insists, without authority, that, due to their failure to appear, this Court can hold that the interests of Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC are extinguished. That is not the case. In the instant case, there is not a sufficient basis in the Complaint for this Court to enter a judgment that these Defendants have no interest. The government has also failed to present evidence to that effect. Further, the government has failed to establish that Mr. and Mrs. Bone have no interest in the proceeds, or show that, if they have an

---

[2] There has been no request for a jury trial by any party.

interest, what their priority would be. The Court therefore cannot, at this time, grant the relief requested.

(Doc. 26 at 20-21) (citations and footnotes omitted).

Since the court entered its last Order, the United States has served upon Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC Requests for Admissions which asked each Defendant to admit

> 1. You disclaim any interest in any proceeds from the judicial sale of the Subject Property.[3]
>
> 2. The County of Etowah possesses a first priority interest in the amount of the delinquent *ad valorem* taxes on the Subject Property for tax year 2016.
>
> 3. The Exchange Bank of Alabama possesses a second priority interest in the amount of the unpaid balance, plus interest and fees accruing until the date of payment in full, plus reasonable costs and expenses incurred by The Exchange Bank of Alabama in enforcing or protecting its rights and remedies under the stated security agreements, including, but not limited to, reasonable attorneys' fees, court costs and other legal expenses on—
>
>> a. a first mortgage recorded on October 1, 1999, in Book 1999 on Page 274 (Doc. No. M-1999-4083) of the public records of Etowah County; and
>>
>> b. a second mortgage recorded on May 18, 2000, in Book 2000 on Page 139 (Doc. No. M-2000-1616) of the public records of Etowah County.
>
> 4. The United States of America possesses a third priority interest in

---

[3] The "Subject Property" was clearly described as the property at issue in this case.

the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2005 and 2009, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

5. The State of Alabama possesses a fourth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2009, plus interest that may accrue on that amount until the date of payment in full.

6. The United States of America possesses a fifth priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

7. The State of Alabama possesses a sixth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest that may accrue on that amount until the date of payment in full.

8. The United States of America possesses a seventh priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 and 2012, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

9. The State of Alabama possesses an eighth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 through 2013, plus interest that may accrue on that amount until the date of payment in full.

(Doc. 28-7 at 3-5; doc. 28-8 at 3-5). Attorney Allison C. Carroll, who served the Requests for Admissions, states in her declaration that no response has been received from these Defendants. (Doc. 28-2 at 4). By operation of Rule 36(a)(3) of the

Federal Rules of Civil Procedure, these facts are deemed to be admitted by Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC.

Upon due consideration, and based on the foregoing and this Court's previous Order, the United States is entitled to a default judgment in its favor and against Portfolio Recovery Associates, LLC and Cavalry SPV I, LLC, declaring that

1. Neither entity has any interest in any proceeds from the judicial sale of the Subject Property.

2. The County of Etowah possesses a first priority interest in the amount of the delinquent *ad valorem* taxes on the Subject Property for tax year 2016.

3. The Exchange Bank of Alabama possesses a second priority interest in the amount of the unpaid balance, plus interest and fees accruing until the date of payment in full, plus reasonable costs and expenses incurred by The Exchange Bank of Alabama in enforcing or protecting its rights and remedies under the stated security agreements, including, but not limited to, reasonable attorneys' fees, court costs and other legal expenses on—

    a. a first mortgage recorded on October 1, 1999, in Book 1999 on Page 274 (Doc. No. M-1999-4083) of the public records of Etowah County; and

    b. a second mortgage recorded on May 18, 2000, in Book 2000 on Page 139 (Doc. No. M-2000-1616) of the public records of Etowah County.

4. The United States of America possesses a third priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2005 and 2009, plus interest, penalties, and statutory additions that may accrue until the date of

payment in full.

5. The State of Alabama possesses a fourth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2009, plus interest that may accrue on that amount until the date of payment in full.

6. The United States of America possesses a fifth priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

7. The State of Alabama possesses a sixth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax year 2010, plus interest that may accrue on that amount until the date of payment in full.

8. The United States of America possesses a seventh priority interest in the amount of the joint federal income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 and 2012, plus interest, penalties, and statutory additions that may accrue until the date of payment in full.

9. The State of Alabama possesses an eighth priority interest in the amount of the joint state income tax assessments against Andrew J. and Connie C. Bone for tax years 2011 through 2013, plus interest that may accrue on that amount until the date of payment in full.

By separate Order, the Court will enter these judgments.

### III. CONCLUSION

Based on the foregoing, and this Court's previous Order, Summary Judgment and Judgment by Default are appropriate as set out above. A Final Order will be entered.

**DONE** and **ORDERED** this 12th day of October, 2017.

_/s/ VEHopkins_
**VIRGINIA EMERSON HOPKINS**
United States District Judge